UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELLE ZORAIDA BLALOCK,**

      **Plaintiff,**

v.                                        **Case No: 6:23-cv-767-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIB"). (Docs. 1, 24.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 24, 30), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

**I.    ISSUE ON APPEAL**

Plaintiff raises the following issues on appeal:

1. Whether the residual functional capacity ("RFC") determination of the ALJ is supported by substantial evidence; and

2. Whether the ALJ's consideration of Plaintiff's credibility and subjective complaints was sufficient.

---

[1] On July 27, 2023, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 21.) The case was referred by an Order of Reference on July 28, 2023. (Doc. 22.)

(Doc. 24.)

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Whether the ALJ's RFC Determination Is Supported by Substantial Evidence.

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion of Dr. Hina Azmat, and therefore, the ALJ's ultimate RFC assessment is not supported by substantial evidence. (Doc. 24 at 17.) Specifically, Plaintiff asserts that the ALJ did not address the factors of supportability or consistency under the revised regulations when addressing Dr. Azmat's opinion. (*Id.*) The Commissioner responds that Plaintiff has failed to establish that Dr. Azmat's statements were "medical opinions" that the ALJ needed to expressly evaluate under the revised regulations. (Doc. 30 at 5.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability, 2) consistency, 3) relationship with the claimant,[2] 4) specialization, and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c), 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

> appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

Under the new regulations, "supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

The threshold issue for the Court to decide is whether Dr. Azmat's statements constituted a medical opinion, which would require the ALJ to evaluate the opinion's persuasiveness. Plaintiff points to a November 25, 2018, treatment note from Dr. Azmat that addressed Plaintiff's sciatica. (Doc. 24 at 17) (citing Tr. 835).) Dr. Azmat advised as follows:

> Activity: Decrease your activity. Do not lift heavy objects or twist your back for at least 6 weeks. Slowly return to your usual activity.

> Ice: Ice helps decrease swelling and pain. Ice may also help prevent tissue damage. Use an ice pack, or put crushed ice in a plastic bag. Cover it with a towel and place it on your low back or leg for 15 or 20 minutes every hour or as directed.
>
> Heat: Heat helps decrease pain and muscle spasms. Apply heat on the area for 20 to 30 minutes every 2 hours for as many days as directed.

(Tr. 835.) The Commissioner asserts that the ALJ's failure to evaluate the persuasiveness of Dr. Azmat's statements was not error because those statements were not actually a "medical opinion," as that term is defined in the regulations; thus, the ALJ was not required to articulate the supportability and consistency factors with regard to the statements. (Doc. 30 at 8.)

> As to this issue, the regulations state:
>
>> (2) *Medical opinion.* A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>>
>> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching) . . . .

20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The Commissioner asserts that Dr. Azmat's statements did not address what Plaintiff could still do despite her impairments or what limitations she has in performing the physical demands of work. (Doc. 30 at 9.)

The undersigned agrees with the Commissioner that the statements Plaintiff points to from Dr. Azmat did not assess the extent to which Plaintiff could perform any particular function in a work-related setting, and therefore, none of the statements constitute a "medical opinion" for purposes of the applicable regulation. *Blackmon v. Kijakazi*, No. 2:20-cv-00741-CWB, 2022 WL 5199814, at *5 (M.D. Ala. Oct. 5, 2022) (finding doctor's statement that plaintiff should "[e]levate [her] leg(s) as much as possible" did not constitute a medical opinion and was more properly characterized as "other medical evidence" that did not require the ALJ to specifically articulate persuasiveness); *Dye v. Comm'r of Soc. Sec.*, 5:20-cv-459-NPM, 2022 WL 970186, at *4 (M.D. Fla. Mar. 31, 2022) (concluding letter from a physician discussing symptoms of chronic pain disorder and lumbar disc disease was not a medical opinion within the meaning of the current regulations); *see also Megehee v. Kijakazi*, No. 2:20-CV-00735-CWB, 2022 WL 14278116, at *9 (M.D. Ala. Oct. 24, 2022) (finding statements that do not assess the extent to which a plaintiff can perform any particular function in a work setting do not constitute a "medical opinion" under the regulations).

Because these statements are not medical opinions, the ALJ was not required to assess Dr. Azmat's treatment notes for their persuasiveness. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the *medical opinions* … in your case record." (emphasis added)). The ALJ needed only to *consider* the treatment notes, which he did. *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). The ALJ referenced

Dr. Azmat's treatment notes several times in the written opinion. (Tr. 21) (discussing Dr. Azmat's treatment notes). Accordingly, Plaintiff has failed to establish that the ALJ committed any error in that regard.

### B. Whether the ALJ's Consideration of the Claimant's Credibility and Subjective Complaints Was Sufficient.

Next, Plaintiff argues that the ALJ's consideration of Plaintiff's "credibility and subjective complaints was not sufficient." (Doc. 24 at 18.) Plaintiff contends that the ALJ's "credibility determination is still nothing more than boiler plate type language commonly found in Social Security decisions." (*Id.* at 19.) While Plaintiff acknowledges that the ALJ included a discussion of the medical records and Plaintiff's testimony in the opinion, she asserts that the ALJ failed to articulate the specific reasons for discounting that testimony. (*Id.* at 21.) The Commissioner responds that the ALJ properly evaluated Plaintiff's subjective complaints and thoroughly articulated the basis for his rationale. (Doc. 30 at 12.)

Social Security Ruling ("SSR") 16-3p and 20 C.F.R. § 404.1529 provide guidance as to how an ALJ should evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and

determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4.

Section 404.1529(c) provides that an ALJ must "consider all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [the] symptoms affect [the claimant]." 20 C.F.R. § 404.1529(c)(1). It also provides that medical opinions can be relied upon when evaluating a Plaintiff's subjective complaints. *Id.* Subsections (c)(2) and (c)(3) further specify how the ALJ should evaluate the subjective complaints.

The ALJ may not reject a claimant's subjective complaints solely because the objective medical evidence does not substantiate the complaints. 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your . . . symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). This regulation instructs administrative law judges to "carefully consider any other information [a claimant] may submit about [his] symptoms." *Id.* § 404.1529(c)(3). It also provides the following six, non-exhaustive factors that the ALJ should consider when evaluating the subjective complaints: a claimant's daily activities; "the location, duration, frequency, and intensity" of other symptoms; "precipitating and aggravating factors;" "the type, dosage, effectiveness, and side effects" of a claimant's medication taken to alleviate his symptoms; any other treatment for alleviating symptoms; and measures a claimant used to alleviate the symptoms, such as lying down. *Id.* The ALJ may reject testimony about subjective

complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). In the end, the evaluation of subjective complaints is the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

The ALJ appropriately evaluated Plaintiff's credibility and subjective complaints under the applicable regulations. The ALJ acknowledged that Plaintiff testified that the primary reason she is unable to work is due to back pain. (Tr. 20.) But the ALJ also noted that Plaintiff originally stopped working because of difficulties with her manager, as opposed to her health. (*Id.*) The ALJ then went on to discuss several of Plaintiff's complaints that were contradicted by Plaintiff's own statements and the medical evidence:

> She reports tingling in her hands, but she is able to play games such as candy crush. She talks or texts on her phone. . . . There is some evidence of decreased range of motion and strength in the lumbar spine, and occasional minimal antalgia, but physical exam findings consistently note a normal gait with normal range of motion in both legs, normal motor strength, and occasional evidence of spinal tenderness or paraspinal spasms (2F/2, 21, 3F/10, 4F/2, 7F/3, 10F/11, 11F/3, 13F/4, 20, 16F/27, 19F/15, 27, 20F/5, 21F/9, 22F/4, 16, 22, 26F/6, 27F/5, 13, 28F/4, 52, 29F/5). Her condition is complicated by obesity, but the claimant reports increased activities including moving a mattress despite this condition. She is able to perform activities of daily living such as preparing simple meals and helps her husband with household chores. She is independent with self-care although it takes longer. She is able to drive, goes out alone, shop in stores once or twice a week, and manages her money.

(Tr. 20–21.)

This explanation supports the ALJ's finding that Plaintiff was not as limited as she had alleged. Additionally, the ALJ considered objective medical evidence that revealed improvement in her pain and in her physical activity, well-managed diabetes, and a lack of need for emergent or inpatient care, or surgical intervention. (Tr. 25.); *see, e.g.*, *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 767 (11th Cir. 2014) (unpublished) (finding the ALJ's discussion of objective medical evidence of record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints). Despite these findings, the ALJ stated that he credited some of Plaintiff's subjective complaints in reducing her RFC to light work. (Tr. 26.)

Overall, the ALJ concluded that Plaintiff's "alleged limitations [were] inconsistent with her documented daily activities, treatment intensity, physical exam findings, and the objective medical evidence." (Tr. 20.) While Plaintiff argues that this determination was boilerplate language commonly found in Social Security decisions, the language is not improper if it supported by substantial evidence, as set forth above. *See Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 1694841 (M.D. Fla. Apr. 18, 2013). Moreover, Plaintiff does not take issue with the factual accuracy of the ALJ's findings. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence—as they are here—the Commissioner's decision must be affirmed. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial

supporting evidence in the record will not be disturbed by a reviewing court.") (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

On this record, the ALJ did not err in considering Plaintiff's subjective complaints.

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE